UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LESLIE JO GREESON,

                               Plaintiff,

v.                                                                  3:15-CV-0365 (GTS)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                               Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

LEGAL ASSISTANCE OF W. NEW YORK, INC.      GREGG A. THOMAS, ESQ.
  Counsel for Plaintiff
215 North Cayuga Street
Ithaca, NY 14850

SOCIAL SECURITY ADMINISTRATION           SIXTINA FERNANDEZ, ESQ.
OFFICE OF GEN. COUNSEL–REGION II         Assistant United States Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

# DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Thomas Schieno ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") seeking Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1383(c), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 10, 12.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's cross-motion is granted.

I.      RELEVANT BACKGROUND

   A.      Factual Background

Plaintiff was born on April 25, 1964.  She graduated from college with a degree in psychology.  Her employment history consists of work as a bookkeeper, a town clerk and a social welfare examiner.  Generally, her alleged disability consists of chronic pain syndrome, fibromyalgia, a ruptured disk, degenerative disk disease, scoliosis, carpal tunnel syndrome, migraines, chronic fatigue syndrome, Raynaud's disease, and bilateral rotator cuff tendinitis.  Plaintiff's alleged disability onset date is November 18, 2010.

   B.      Relevant Procedural History

On October 27, 2011, Plaintiff applied for DIB and SSI under Titles II and XVI of the Social Security Act.  Her application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On May 29, 2013, Plaintiff appeared before the ALJ, Marie Greener.  (T. 30.)  On July 8, 2013, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 22.)  On January 26, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-3.)  Thereafter, Plaintiff timely sought judicial review in this Court.

   C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following six findings of fact and conclusions of law.  (T. 11-22.)  First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 18, 2010, the alleged onset date.  (T. 13.)  Second, the ALJ found that Plaintiff had one severe impairment: degenerative disc disease of the lumbar spine.

(*Id.*)  Third, the ALJ found that Plaintiff's impairments do not meet or equal the severity of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  (T. 16-17.)  Fourth, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work.  (T. 17.)  Fifth, the ALJ found Plaintiff able to perform her past relevant work as a town clerk.  (T. 20.)  Sixth, and finally, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and therefore found her not disabled.  (T. 20-21.)

## II. THE PARTIES' BRIEFINGS ON THE ALJ'S DECISION

### A. Plaintiff's Arguments

Generally, Plaintiff makes three arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues that the ALJ failed to give proper weight to the medical opinion evidence from various medical sources.  (Dkt. No. 14 at 9-13 [Pl.'s Mem. of Law].)  Second, Plaintiff argues that the ALJ failed to properly assess Plaintiff's credibility.  (*Id.* at 13-17.)  Third, and finally, Plaintiff argues that the ALJ's decision is not supported by substantial evidence.  (*Id.* at 17-22.)

### B. Defendant's Arguments

Generally, Defendant makes two arguments in support of her cross-motion for judgment on the pleadings.  First, Defendant argues that the ALJ properly evaluated the medical opinion evidence in determining Plaintiff's RFC.  (Dkt. No 15 at 7-12 [Def.'s Mem. of Law].)  Second, and finally, Defendant argues that the ALJ's credibility determination is supported by substantial evidence.  (*Id.* at 12-15.)

## III. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or the determination was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

5

## IV. ANALYSIS

### A. Whether the ALJ Properly Weighed the Medical Opinion Evidence

After careful consideration, the Court answers this question in the affirmative for the reasons provided in Defendant's memorandum of law. (Dkt. No. 15 at 6-12.) To those reasons, the Court adds the following analysis.

Under what is known as the "treating physician rule," the ALJ shall give a treating source's opinion "controlling weight" if it is supported by "medically acceptable clinical and laboratory diagnostic techniques," and is "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the opinion is not afforded controlling weight, the ALJ must determine the proper weight to afford it by considering (1) the length, nature, and extent of the treatment relationship, (2) how well the medical source supports his or her opinion with evidence, (3) how consistent the opinion is with regard to the entire record, (4) whether the source had a relevant specialization, and (5) any other relevant factors. 20 C.F.R. § 404.1527(c). When assigning weight to the opinion of a medical source other than a treating physician, an ALJ must still consider the opinion's supportability, its consistency with the record, the medical source's specialization, any examining relationship that existed, and any other relevant evidence. 20 C.F.R. § 404.1527(c)(1)-(6).

In rejecting a treating physician's opinion or assigning weight to medical evidence, an ALJ need not expressly enumerate each factor considered if the ALJ's reasoning and adherence to the treating physician rule is clear. *See, e.g., Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear.").

Here, Plaintiff appears to argue that the ALJ's decision to disregard the medical source statements of Dr. Jacob Skezas, M.D., was arbitrary. More specifically, she criticizes the ALJ's decision to give greater weight to the opinion of a consultative examiner, Dr. Pamela Tabb, M.D., whom Plaintiff repeatedly refers to as a "pediatrician." (Dkt. No. 14 at 9, 11.) Plaintiff similarly criticizes the ALJ's reliance on the opinions of State Agency Medical Consultant Dr. S. Kosick, which opinions Plaintiff argues are primarily based on Dr. Tabb's consultative examination. (*Id.* at 9.) Plaintiff argues that the ALJ then "had to concoct" a reason to give less weight to the opinions of Plaintiff's treating physicians in order to find Plaintiff not disabled. (*Id.*) Finally, Plaintiff argues that the ALJ "overrule[d] a judgment rendered by the current treating physician with extensive personal contact with the claimant," and improperly relied on her own lay analysis of the medical evidence. (*Id.* at 12.)

The administrative record makes clear that there are inconsistencies between the various medical sources. However, contrary to Plaintiff's arguments, the ALJ is not required to assign greater weight to a treating physician's opinion than to the opinion of a consultative examiner. In fact, "[t]he Commissioner is not required, nor even necessarily permitted, to accept any single opinion, even that of a treating physician, as dispositive on the determination of disability." *Francois v. Astrue*, 09-CV-6625, 2010 U.S. Dist. LEXIS 61456, at *17-18 (S.D.N.Y. June 18, 2010) (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106 [2d Cir. 2008]). Rather, "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (citing *Richardson*, 402 U.S. at 399). Contrary to Plaintiff's characterization of the ALJ's analysis, the ALJ was merely resolving evidentiary conflicts, which is one of her roles as an ALJ.

As discussed above, a treating source's opinion is entitled to controlling weight only when it is well supported by "medically acceptable clinical and laboratory diagnostic techniques," and is "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). Dr. Skezas's Physical RFC assessments, dated April 24, 2013, are not well supported by medically acceptable clinical and laboratory diagnostic techniques, and are in fact inconsistent with other substantial evidence.

The primary basis for Dr. Skezas's treatment appears to be Plaintiff's self-reported subjective symptoms. (T. 466-475.) Dr. Skezas's own treatment notes indicate that he is not experienced with regard to pain disorders or qualified to practice pain management, and that he began managing Plaintiff's pain condition only after her prior pain management specialist stopped accepting her insurance. (T. 449.)

Furthermore, Dr. Skezas found no cause for Plaintiff's symptoms. More specifically, Dr. Skezas noted that a neurologist, Dr. Endo, did not find any neurological cause for her pain. (T. 474.) He also noted that lab results showed mostly insignificant abnormalities, and that X-rays were unremarkable. (T. 471.) In his own words, he was "not really sure what [Plaintiff] has with respect to her symptoms." (*Id.*) Although he could not find a cause for her self-reported pain symptoms, he nevertheless prescribed narcotics to prevent her from entering withdrawal. (*Id.*) His initial diagnoses of Plaintiff's disorders were followed by question marks. (T. 474.) Under these circumstances, the Court finds that Dr. Skezas's opinions were not well supported by medically acceptable clinical and laboratory diagnostic techniques.

Furthermore, Dr. Skezas's opinions included a number of limitations that are unsupported by the medical record and indeed are inconsistent with other substantial evidence. For example,

8

Dr. Skezas opined that Plaintiff is able to reach and manipulate objects only five percent of an eight-hour workday. (T. 519.) However, the medical record is devoid of any manipulative restrictions, either in the form of medical observations or self-reporting. On the contrary, at her consultative examination, Plaintiff exhibited a full range of motion in her shoulders, elbows, forearms and wrists, as well as intact dexterity and 5/5 grip strength. (T. 319.) Moreover, although Dr. Skezas opined that Plaintiff could never squat, Plaintiff performed a full squat at her consultative examination. (T. 519, 318.) Similarly, although Dr. Skezas opined that Plaintiff could only sit for fifteen minutes at a time, Dr. Halpert opined in an identical document that Plaintiff had no limitation in sitting. (T. 517, 521.)

Plaintiff argues that Dr. Halpert's opinion should be disregarded because it is based only on the conditions for which he treats her: migraines and numbness. (Dkt. No. 14 at 19.) However, it is not as clear as Plaintiff suggests that Dr. Halpert based his opinions only on those two conditions. Dr. Halpert opined in the same document that Plaintiff can stand only for ten to fifteen minutes, can only rarely lift objects, and can only occasionally twist, stoop, crouch and climb. (T. 521-23.) It is unclear how these restrictions related to migraines and numbness. Notably, although "numbness" could contribute to difficulty manipulating objects, Dr. Halpert noted no manipulation limitations. (T. 523.) Similar contradictions appear throughout Plaintiff's medical history. For example, treatment notes from Dr. Halpert repeatedly report that Plaintiff has no back pain or myalgias, at least on the days he treated her. (T. 429, 427.) Contrary to Plaintiff's assertions, it does not appear that Dr. Halpert was merely unaware of conditions other than those for which he treated Plaintiff, because he also notes Plaintiff's weight loss, nausea and sinus infections. (*Id.*) In short, because Dr. Skezas's opinions are inconsistent

9

with the other substantial evidence in the record, they are not entitled to controlling weight, and the ALJ did not err in assigning them very little weight.

Moreover, Plaintiff criticizes the ALJ's decision to give greater weight to the opinions of Dr. Tabb, a consultative examiner, than to those of Plaintiff's treating physician. However, the Court notes that a consultative examination can constitute substantial evidence in support of an ALJ's decision. *See Frawley v. Colvin*, 13-CV-1567, 2014 WL 6810661 at *9 (N.D.N.Y. Dec. 2, 2014) ("The opinions of consultative examiners . . . may constitute substantial evidence where, as here, [they are] supported by the medical evidence in the record."). Dr. Tabb performed a number of objective, clinical tests during her examination, and the Court finds that her opinions are consistent with the longitudinal record of Plaintiff's limitations, despite Dr. Skezas's unsupported opinions to the contrary. Unlike Dr. Skezas, Dr. Tabb did not base her findings primarily on Plaintiff's self-reported symptoms. Insofar as this issue implicates Plaintiff's credibility, it is addressed below in Part IV.B. of this Decision and Order.

Finally, Plaintiff's argument that the ALJ impermissibly relied on her own lay reading of the medical evidence is without merit. As Plaintiff admits, the ALJ appears to have adopted the RFC determination rendered by State Agency Medical Consultant Kosick, whose opinion was based, at least in part, on Dr. Tabb's consultative examination. (Dkt. No. 14 at 11.) "An ALJ is entitled to rely upon the opinion of a State agency medical consultant, since such a consultant is deemed to be a qualified expert in the field of social security disability." *Hildebrandt v. Barnhart*, 16-CV-0166, 2008 U.S. Dist. LEXIS 17973, at *27 (N.D.N.Y. March 7, 2007). Because the ALJ adopted the RFC findings of Dr. Kosick, she did not apply her own lay reading of the medical evidence in reaching her conclusions. For all of these reasons, the ALJ did not err in resolving the inconsistencies between the various medical opinions.

### B. Whether the ALJ Properly Assessed Plaintiff's Credibility

After careful consideration, the Court answers this question in the affirmative for the reasons provided in Defendant's memorandum of law. (Dkt. No. 15 at 12-15.) To those reasons, the Court adds the following analysis.

Under certain circumstances, subjective reports of pain can support a finding of disability. *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999); *see also Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (noting that an ALJ must take a claimant's report of pain and symptoms into account in rendering decision on disability [citing 20 C.F.R. § 416.929; *McLaughlin v. Sec'y of Health, Educ. & Welfare*, 612 F.2d 701, 704-05 (2d Cir. 1980)]). However, the ALJ is not required to blindly accept Plaintiff's reports of pain, but rather, "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier*, 606 F.3d at 49 (citing *Marcus v. Califano*, 615 F.2d 23, 27 [2d Cir. 1979]). In assessing a claimant's credibility, the ALJ's reasoning must be "set forth with sufficient specificity to permit intelligible plenary review of the record." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 350 (E.D.N.Y. 2010) (quoting *Williams v. Bowen*, 859 F.2d 255, 260-61 [2d Cir. 1988]).

The regulations set forth a two-step process to evaluate a claimant's credibility. 20 C.F.R. § 404.1529(a). First, the ALJ determines whether medical signs or laboratory findings show the existence of an impairment which "could reasonably be expected to produce the pain or other symptoms alleged." *Id.*; *see also* SSR 96-7p, 1996 SSR LEXIS 4 at *18 (July 2, 1996). If the statements about pain or other symptoms are unsupported by medical evidence, they cannot, on their own, establish that the claimant is disabled. 20 C.F.R. § 404.1529(a).

Where the medical evidence alone does not substantiate a claimant's subjective reports of pain, the ALJ must evaluate the credibility of the claimant's statements in light of the following factors: (1) claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes or has taken to alleviate pain or other symptoms; (5) treatment–other than medication–claimant receives or has received for relief of his pain or other symptoms; (6) any measures taken to relieve the symptoms; and (7) other factors concerning claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); *see also Hilsdorf*, 724 F. Supp. 2d at 349-50.

If the medical evidence does substantiate a claimant's reported symptoms, the ALJ proceeds to the second step of the analysis, and evaluates the "intensity and persistence" of the claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). In conducting this evaluation, the ALJ examines not just objective medical evidence, but also other evidence that may suggest a "greater severity of impairment than can be shown by objective medical evidence alone." 20 C.F.R. § 404.929(c)(3). The ALJ also considers a claimant's statements about the "intensity, persistence, and limiting effects" of the symptoms alleged "in relation to the objective medical evidence and other evidence." 20 C.F.R. § 404.929(c)(4).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effect of those symptoms were not fully credible. (T. 18.) The ALJ found Plaintiff's statements not fully credible because she pursued only conservative

treatment, which could indicate that Plaintiff's pain is not as severe as alleged. (*Id.*) The ALJ explained that Plaintiff's treatment notes indicate that her pain was decreased or manageable with treatment. (*Id.*) The ALJ explained also that a finding of "not fully credible" was required because Plaintiff had failed to produce "appropriate, probative evidence" to corroborate the alleged severity of her symptoms. (T. 19.) Finally, the ALJ reviewed what evidence Plaintiff had presented, and the ALJ explained how that evidence indicated that Plaintiff could perform sedentary work. (*Id.*)

Plaintiff argues that the ALJ erred when she failed to explicitly analyze the seven factors located in 20 C.F.R. § 404.1529(c)(3). This argument is without merit. It is true that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 SSR LEXIS 4. Nevertheless, while it is "not sufficient for the [ALJ] to make a single, conclusory statement that" the claimant is not credible (*id.*), remand is not required where "the evidence of record permits [the Court] to glean the rationale of an ALJ's decision." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Here, the ALJ did not make a single, conclusory statement, but set out her reasoning in a way that permits the Court to glean the rationale of her decision (as demonstrated by the Court's above analysis). Therefore, failure to slavishly recite the statutory factors does not require remand in this case.

Finally, Plaintiff argues that the ALJ's interpretation of the evidence is incorrect, making reference to several pieces of evidence that could have been interpreted to support a finding of disability. For example, Plaintiff takes issue with the fact that "ALJ Greener . . . quote[s] the

doctors reports showing that claimant's pain management results improved slightly as a reason to doubt her credibility when such results can just as easily be said to demonstrate that the claimant chose wisely when she changed physicians." (Dkt. No. 14 at 15.) This argument is without merit for two reasons. First, it is the role of the Commissioner, and not this Court, "to resolve evidentiary conflicts and to appraise the credibility of the witnesses, including the claimant." *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984). Second, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2014). Here, at the very least, the evidence in question is susceptible to more than one rational interpretation. For these reasons, the Court finds that the ALJ did not err in appraising Plaintiff's credibility.

        **C.**     **Whether the ALJ's Decision Is Supported by Substantial Evidence**

After careful consideration, the Court answers this question in the affirmative for the reasons provided in Defendant's memorandum of law. (Dkt. No. 15 at 6-15.) To those reasons, the Court adds the following analysis.

Plaintiff's argument on this issue relies entirely on her arguments regarding the ALJ's interpretation of the medical evidence and Plaintiff's testimony. (*Id.*) As a result, Plaintiff's argument on this issue fails for the reasons discussed in Parts IV.A. and IV.B. of this Decision and Order. The ALJ's determinations with regard to resolving inconsistencies in the medical evidence and determining Plaintiff's credibility are supported by substantial evidence. Insofar as the evidence could be interpreted differently, the Court reiterates that, when "evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre*, 758 F.3d at 149.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's cross-motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: June 23, 2016
        Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge